UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAY WINEGARD, on behalf of himself and all                        CIVIL CASE MANAGEMENT PLAN
others similarly situated,

                              Plaintiff,                        Case No.: 1:20-cv-06258-BMC

       v.

CONSUMER TECHNOLOGY ASSOCIATION
d/b/a WWW.CES.TECH,

                              Defendant.
------------------------------------------------------------X

**BRIAN M. COGAN**, District Judge

        After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Federal Rules of Civil Procedure 16 and 26(f).

**A.**      The case is to be tried to a jury.

**B.**      Non-Expert Discovery:

      1.      The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York. All non-expert discovery is to be completed by May 24, 2021, which date shall not be adjourned except upon a showing of good cause and further order of the Court. Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can meet the discovery completion date.

           The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.

      2.      Joinder of additional parties must be accomplished by February 28, 2021.

      3.      Amended pleadings may be filed without leave of the Court until March 25, 2021.

**C.**      For all causes of action seeking monetary damages, each party shall identify and

5

quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

**D.**     Motions:

1.     Upon the conclusion of non-expert discovery, and no later than the date provided below, the parties may file dispositive motions. The parties shall agree to a schedule and promptly submit same for the Court's approval, providing for no more than three rounds of serving and filing papers: supporting affidavits and briefs, opposing affidavits and briefs, and reply affidavits and briefs.

2.     The last day for filing a letter, pursuant to Rule III.A.2 of the Court's Individual Practices, requesting a premotion conference in order to file dispositive motions shall be May 31, 2021.

a.     There shall be no cross-motions. Any motions not made by the agreed date shall, unless the Court orders otherwise, not be considered until after the timely-filed motion is determined.

b.     Papers served and filed by the parties shall conform to the requirements set out in the Court's Individual Practices.

**E.**     Any request for relief from a date provided in this Case Management Plan shall conform to the Court's Individual Practices and include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected by the granting of the relief requested, and proposed modified dates. Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

**F.**     Pre-Trial Motions:

Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, as provided by the Court's Individual Rules, and are not to modify or delay the conduct of discovery or the schedules provided in this Case Management Plan except upon leave of the Court.

**SO ORDERED.**

Dated: Brooklyn, New York
         February _____, 2021

_____
                                   U.S.D.J.

## ATTACHMENT A

**The Parties are to list the discovery activities (i.e., production of documents, number of depositions, requests to admit, interrogatories) and anticipated completion dates:**

| DISCOVERY ACTIVITIES | COMPLETION DATE |
|---|---|
| 1.  Rule 26(a)(1) Disclosures | March 31, 2020 |
| **2.**  Depositions | May 24, 2021 |
| **3.**  Interrogatories | Served by March 25, 2021 |
| **4.**  Requests for Admissions | Served by March 25, 2021 |
| **5.**  Requests for Production of Documents | Served by March 25, 2021. |
| **6.**   Expert Witness Disclosures | Completed by June 24, 2021 |
| **7.** | |
| **8.** | |
| **9.** | |
| **10.** | |

<u>**ATTACHMENT B**</u>

**For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:**

1.      <u>**PLAINTIFF'S CLAIMS**</u>:

      The ADA does not provide for damages, but the NYSHRL, the NYCVR and the NYCHRL do.  See *Shariff v. Beach 90th St. Realty Corp.*, No. 11 Civ. 2551, 2013 WL 6835157 at * 6 (E.D.N.Y. Dec 20, 2013).  The Plaintiff and the Subclass request compensatory damages, civil penalties and fines for each and every discriminatory act in addition to reasonable attorney fees and the costs and disbursements of this action under the New York State Human Rights Law - Article 15 of the N.Y. Exe. Law §§ 297(9), 297(4)(c) et seq..

The Plaintiff and the Subclass seek the following damage award:

      Lead Plaintiff - $ 1,000.00 plus $ 500.00 = $ 1,500.00

      Lead Plaintiff - $ 5,000.00 for services as the lead Plaintiff

      Class and Subclass - $ 1,500.00 for any individual in the Class and Subclass that was discriminated against by the Defendant.

      Attorney fees and costs and disbursements of this action.

2.      <u>**COUNTERCLAIMS AND CROSS-CLAIMS**</u>:

3.      <u>**THIRD-PARTY CLAIMS**</u>: